INTERNATIONAL COTTON MILLS v. BURNHAM.

(Circuit Court of Appeals, Fifth Circuit. October 7, 1922. Petition for Rehearing Denied November 28, 1922.)

No. 3774.

1. Master and servant ⬅➡95—Diligence in ascertaining minor's age defense.

In action for injuries to a minor, employed in violation of Park's Ann. Civ. Code Ga. § 3149 (a), that employer used proper diligence to ascertain his age, and employed him in the belief that he was of sufficient age, is a good defense.

2. Master and servant ⬅➡270(3)—Testimony held admissible on issue of unlawful employment.

In an action for injuries to an employee under the age of 14 years, who alleged employment in violation of Park's Ann. Civ. Code Ga. § 3149 (a), where his age was an issue under the pleadings, his father's testimony as to conversation with defendant's superintendent after the accident, during which the superintendent urged the father to sign a card, was admissible as against the objection that it was irrelevant.

3. Appeal and error ⬅➡232(2)—New objection to evidence not considered on writ of error.

A new objection to evidence will not be considered on writ of error.

4. Appeal and error ⬅➡1053(1)—Admission of evidence subsequently withdrawn from jury held not ground for reversal.

Admission of evidence subsequently withdrawn from consideration of the jury is not ground for reversal.

5. Master and servant ⬅➡296(16)—Illustration by court in charge on contributory negligence held not reversible error.

In an action for injuries to a minor employee's hand, caught between rollers in cotton mill, where the court, in its charge on contributory negligence as the proximate cause of the injury, illustrated the situation by describing a pedestrian crossing a street during a procession of automobiles, and running in the midst of them, *held*, that there was no reversible error in using the illustration.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Master and servant** ⬤⇒228(3)—**Minor's acceptance of unlawful employment not contributory negligence.**

    A minor under the age of 14 years, by accepting employment in a cotton mill in violation of Park's Ann. Civ. Code Ga. § 3149 (a), is not guilty of contributory negligence proximately causing injuries to his hand, caught between rollers.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by Earl Burnham, by next friend, N. B. Burnham, against the International Cotton Mills. Judgment for plaintiff, and defendant brings error. Affirmed.

Archibald H. Davis, of Atlanta, Ga., for plaintiff in error.
M. U. Mooty, of La Grange, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The plaintiff, Earl Burnham, a minor under the age of 14 years, was employed by the defendant, International Cotton Mills, in its cotton factory. While plaintiff was attempting to tie together some broken threads on a moving beamer, his hand was injured by being caught between two steel rollers.

The petition alleges that the plaintiff was less than 13 years old, and that defendant's superintendent knew he was not old enough to be employed in a manufacturing establishment. The answer alleges that, prior to the employment, plaintiff's father, N. B. Burnham, represented that plaintiff was over the age of 14 years, and that plaintiff was employed in reliance upon that representation. During the trial the defendant introduced in evidence the deposition of its superintendent, J. M. Mooty, to the effect that he did not know the plaintiff's age, but relied upon a written statement made before the plaintiff was employed, which statement he testified was in the handwriting of the plaintiff's father. N. B. Burnham denied writing or signing the statement, and, over the defendant's objection, was permitted to testify that, after he heard of his son's injury, and while on the way to the hospital to see him, he met Mooty, the superintendent; that Mooty asked him whether he had signed a card which had been sent to him for his signature, and that he replied that he had not; that upon his return from the hospital Mooty pleaded with him to sign the card, and finally stated that, if suit were not brought, he (Mooty) would have the defendant pay for the injury. In ruling upon the objection, the court limited the conversation to the effect it might have upon the question whether plaintiff's father had signed the card, and ruled out that part of the conversation bearing upon payment by defendant in settlement with the plaintiff.

The court charged the jury that, under the Georgia Code, § 3149 (a), it was unlawful to employ a child under 14 years of age; that, such employment being forbidden by law, the defendant was guilty of negligence per se, unless it acted in good faith and with reasonable prudence and diligence in an effort to ascertain plaintiff's age. The court then proceeded to charge upon the defense that plaintiff was guilty of contributory negligence, and in that connection said:

---

"If you find that [the issue of defendant's negligence] in favor of Earl, then you would have to pass to the other defenses of the Company. For instance, they say that, even if they employed him wrongfully, even if they did not warn him or otherwise protect him, as you think they should have done, that still they did not cause his injury; that his injury was really caused by his own failure to do what his own ability and knowledge and experience would have enabled him to do; and that his injury was due to his own fault, and not to their fault after all. Now this always raises a question as to what ought to be considered the cause of a thing's happening. It is not enough to say that, if he had not been in the mill, he would not have been hurt. To illustrate that: If I started to cross the street and got run over by an automobile, it could be said that, if I had not crossed the street, I would not have been hurt; but you would not think that the cause of my injury, because I have a right to cross the street in a proper and reasonable way. But if there was a great procession of automobiles running by, and I saw or could have seen them, but ran in the midst of them, you would say that my crossing the street under those circumstances was the cause of my being hurt. It just all depends on the situation, and it is for the jury to determine what ought to be considered the real cause of the occurrence happening."

There was judgment for plaintiff, and defendant assigns error.

[1] It is contended that the court erred in admitting the testimony of the plaintiff's father, detailing the conversation he claimed to have had with the defendant's superintendent, relative to whether plaintiff's father had signed the card stating that his son was above the age of 14 years, and therefore not within the provisions of the Child Labor Law. It has been held by the Georgia Court of Appeals that the employer presents a good defense by showing that he used proper diligence to ascertain the age of a child, and employed him in the belief that he was of sufficient age to be legally employed. Ransom v. Nunnally Co., 26 Ga. App. 222, 105 S. E. 822.

[2, 3] The alleged conversation was objected to at the trial upon the grounds that it was irrelevant and inadmissible. But the age of the plaintiff was made an issue by the pleadings in the case. Objection was not made upon the ground that the foundation had not been laid for the impeachment of Mooty, the defendant's superintendent, and it need not be considered whether that objection, which is the one principally relied upon in the argument, would have been well taken.

[4] Objection is also made to the conversation upon the ground that the evidence tended to prove an admission of liability by the superintendent. But that objection is clearly untenable, because the court withdrew that part of the purported conversation from the consideration of the jury.

[5] Error is also assigned upon the illustration used by the court in its charge upon contributory negligence, and whether the asserted contributory negligence was the proximate cause of the injury. We do not find any reversible error in the illustration used.

[6] The jury were in effect instructed that the acceptance of employment by the plaintiff did not constitute contributory negligence, and could not be considered the proximate cause of the injury. Whether the plaintiff was exercising reasonable care or was negligent was a question for the jury, and was fairly submitted to them.

The judgment is affirmed.